IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| THEADORA DUKES, | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| INTERSTATE REALTY MANAGEMENT COMPANY, | ) |
|     Defendant. | ) |

**COMPLAINT**

INTRODUCTION

1. Defendant Interstate Realty Management Company has a problem with bed bugs.

2. In 2015, a property managed by Interstate Realty Management Company attracted media attention for bed bugs.

3. The News Journal reported, "Bed bugs plague Wilmington apartments, residents say" See Exhibit A.

4. This property was managed by Defendant.

5. Defendant also managed the Hickory Creek Apartments in University Park, Illinois.

6. In July of 2016, a bed bug problem developed at Hickory Creek Apartments.

7. Rather than remedy the bed bug problem, Defendant willfully and wantonly failed to protect the residents from bed bugs and thus the bed bugs spread to Plaintiff Theadora Dukes' apartment in September of 2016.

8. Defendant's conduct caused the harmful and offensive contact with the bed bugs.

9. This action is brought to remedy the personal injuries and property damage caused by the willful and wanton conduct of Interstate Realty Management by allowing bed bugs to infest the apartments that Defendant managed and cause injury to tenants like Plaintiff.

10. As a result of Defendant's conduct Plaintiff suffered pain and suffering, loss of normal life, medical expenses and property damages.

11. Plaintiff seeks more than $75,000 in actual and punitive damages from Defendant.

## PARTIES

12. Plaintiff Theadora Dukes is a citizen of Illinois.

13. Defendant Interstate Realty Management Complaint is a New Jersey corporation with a principal place of business in New Jersey.

## JURISDICTION AND VENUE

14. This Court has federal diversity jurisdiction because the amount in controversy is more than $75,000 for each plaintiff. See e.g. *Mathias v. Accor Econ. Lodging, Inc.*, 347 F.3d 672, 674 (7th Cir. 2003)(sustaining a verdict for $186,000 in punitive damages and $5,000 in compensatory damages for each plaintiff in bug injury case).

15. Venue is proper because the injury occurred in this district.

### COUNT I - Battery

16. Plaintiff incorporates all previous paragraphs into this Count.

17. Defendant's actions constitute an intentional and malicious battery committed by Defendant against Plaintiff which ultimately resulted in unauthorized and unconsented contact with the Plaintiff.

18. In this regard, Defendant intended and did cause Plaintiff to come in contact with bed bugs in a manner that was harmful, offensive, unauthorized and unconsented.

19. As of at least July 2016, Defendant was fully aware that the apartments were unsafe and dangerous, that they were inflicting batteries upon tenants like Plaintiff.

20. Plaintiff has suffered damages as a result of Defendants' conduct.

## COUNT II – Negligence

21. Plaintiff incorporates all previous paragraphs into this Count.

22. Defendant had a duty of ordinary care to Plaintiff as property manager of the Hickory Creek Apartments.

23. Defendant was aware of the presence of bedbugs at Hickory Creek Apartments.

24. Defendant was willfully and wantonly negligent in that it:

    a. failed to adequately inspect for bedbugs.

    b. failed to clean and disinfect in a manner that would eliminate bedbugs;

    c. Defendant failed to warn Plaintiff of the presence of bedbugs.

25. Defendant willfully and wantonly breached its duty of care to Plaintiff.

26. As a result of Plaintiff's bedbug bites, Plaintiff suffered pain, severe discomfort, economic loss, and mental anguish.

27. As a further result of Plaintiff's bedbug bites, Plaintiff required medical care.

28. As a further result of Plaintiff's bedbug bites, Plaintiff incurred expenses related to medical treatment.

29. As a further result of Plaintiff's bedbug bites, Plaintiff incurred loss of property.

## COUNT III – Private Nuisance

30. Plaintiff incorporates all previous paragraphs into this Count.

31. "'The essence of a private nuisance is an interference with the use and enjoyment of land." See W. Page Keeton et al., Prosser and Keeton on Torts § 87 at 619 (5th Ed. Lawyers Ed. 1984))

32. Defendant intentionally interfered with Plaintiff's enjoyment of the apartment provided to Plaintiff.

33. Plaintiff had property rights to live the apartment.

34. The presence of bedbugs in Defendant's apartment constituted a nuisance.

35. Defendant created or maintained the nuisance.

36. Defendant knew and had notice of the bed bugs yet failed to abate or remedy that condition or to advise Plaintiffs of the dangerous condition.

37. Defendant acted willfully and wantonly and with intentional disregard toward the rights of Plaintiff due to the unabated dangerous nuisance of bedbugs in the apartment.

38. Defendant failed to remove the harmful condition after it had notice of its existence.

39. The presence of bed bugs in an apartment constitutes a material interference with Plaintiff's ordinary comfort and created an unreasonable interference with Plaintiff's use and enjoyment of the apartment.

40. Plaintiff suffered damages described herein as a proximate cause of Defendant's malicious and intentional disregard for Plaintiff's safety from the bed bug nuisance.

## **JURY DEMAND**

41. Plaintiffs demand a jury for all claims.

## **PRAYER FOR RELIEF**

A. Plaintiff demands actual and punitive damages in excess of $75,000;

B. Costs; and

C. Any other relief that the Court deems just.

Respectfully Submitted, Plaintiff Theadora Dukes

 /s/Mark T. Lavery
By Her Attorney

Mark T. Lavery
Langone, Batson & Lavery LLC
17 N. Wabash, Suite 500
Chicago, Illinois 60602
312-344-1945

4